Jorge Fernando MURGA–AQUINO, a.k.a. George Murga a.k.a. Jorge Fernando Murga, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney General, Respondent.

No. 07–74649.

United States Court of Appeals, Ninth Circuit.

Submitted May 25, 2010.*

Filed June 10, 2010.

Wayne Spindler, Esquire, Tarzana, CA, for Petitioner.

CAC-District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, James Arthur Hunolt, Senior Litigation Counsel, Emily Anne Radford, DOJ-U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, THOMAS, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Jorge Fernando Murga–Aquino, a native and citizen of Guatemala, petitions for re-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we deny the petition for review.

The BIA did not abuse its discretion in denying Murga–Aquino's motion to reopen as untimely because it was filed five years after the BIA's final order of removal, *see* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of final order of removal), and Murga–Aquino did not show he was entitled to equitable tolling, *see Iturribarria*, 321 F.3d at 897 (deadline for filing motion to reopen can be equitably tolled "when petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

Murga–Aquino's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.